UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
THE NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS PENSION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS WELFARE
FUND, NEW YORK CITY DISTRICT COUNCIL OF
CARPENTERS VACATION FUND, NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS ANNUITY FUND,
NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS
APPRENTICESHIP, JOURNEYMAN RETRAINING,
EDUCATIONAL AND INDUSTRY FUND, NEW YORK
CITY DISTRICT COUNCIL OF CARPENTERS CHARITY
FUND, UNITED BROTHERHOOD OF CARPENTERS AND
JOINERS OF AMERICA FUND and THE NEW YORK CITY
AND VICINITY CARPENTERS LABOR MANAGEMENT
CORPORATION, by MICHAEL J. FORDE, and PAUL O'BRIEN,
as TRUSTEES, AND MICHAEL J. FORDE AS EXECUTIVE
SECRETARY-TREASURER, DISTRICT COUNCIL FOR NEW
YORK CITY AND VICINITY, UNITED BROTHERHOOD OF
CARPENTERS AND JOINERS OF AMERICA,

08 CV _____

**COMPLAINT**

Plaintiffs,

-against-

PILE FOUNDATION CONSTRUCTION COMPANY, INC.,

Defendant.
-----------------------------------------------------------------X

Plaintiffs, (hereinafter also referred to as "Benefit Funds"), by their attorneys O'Dwyer & Bernstien, LLP, for their Complaint allege as follows:

**NATURE OF THE CASE**

1. This is an action to confirm and enforce an Arbitrator's Award rendered pursuant to a collective bargaining agreement ("Agreement") between The District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America ("Union") and Pile Foundation Construction Company, Inc. ("Employer").

**JURISDICTION**

2.      This Court has subject matter jurisdiction over this proceeding pursuant to section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, sections 502(a)(3)(B)(ii), (d)(1), (e) and (g) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§1132(a)(3)(B)(ii), (d)(1), (e) and (g), section 515 of ERISA, 29 U.S.C. §1145, and section 9 of the Federal Arbitration Act, 9 U.S.C. §9.

3.      Personal jurisdiction is based upon Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2).

## VENUE

4.      Venue is proper in this district in that Plaintiffs' offices are located in this district.

## PARTIES

5.      At all times relevant herein the Plaintiffs were jointly administered, multi-employer, Taft-Hartley Benefit Funds administered by trustees designated by a union and by employers, established and maintained pursuant to section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5). Plaintiffs Forde and O'Brien are fiduciaries of the Benefit Funds within the meaning of ERISA sections 3(21) and 502, 29 U.S.C. §§1002(21) and 1132.

6.      The Benefit Funds are employee benefit plans within the meaning of sections 3(1) and (3) of ERISA, 29 U.S.C. §1002(1) and (3) and are maintained for the purposes of providing health, medical and related welfare benefits, pension and other benefits to eligible participants and beneficiaries on whose behalf they receive contributions from numerous employers pursuant to collective bargaining agreements between the employers and the Union.

7.      Upon information and belief defendant Pile Foundation Construction Company, Inc. is a domestic corporation incorporated under the laws of the State of New York with a principal place of business located at 1887 Ralph Avenue, Brooklyn, NY 11234.

8.      The defendant is an employer within the meaning of section 3(5) of ERISA, 29

U.S.C. §1002 (5).

## FIRST CLAIM FOR RELIEF

9. Defendant was bound at all relevant times by a collective bargaining agreement with the Union, which, by its terms, became effective July 1, 2001. Said Agreement provides, inter alia, that the defendant shall make monetary contributions to the Benefit Funds on the behalf of covered employees, and for the submission of disputes to final, binding arbitration.

10. A dispute arose during the period of the Agreement between the parties when the Employer failed to comply with obligations under the Agreement to make contributions for employees in the bargaining unit.

11. Pursuant to the arbitration clause in the Agreement, the dispute was submitted to arbitration to Roger Maher, the duly designated impartial arbitrator.

12. Thereafter, upon due notice to all parties, the arbitrator duly held a hearing and rendered his award, in writing, dated April 27, 2008 determining said dispute. Upon information and belief, a copy of the award was delivered to the defendant (A copy of the award is annexed hereto as Exhibit "A" and made part hereof).

13. The arbitrator found that Pile Foundation Construction Company, Inc. had failed to make contributions due to the Benefit Funds for the period January 1, 2003 through December 27, 2005, in the principal amount of $51,147.67.

14. The arbitrator also found that Pile Foundation Construction Company, Inc. was required to pay interest on the principal amount due at the rate of 10% per annum from the date of the award.

15. The defendant has failed to abide by the award.

WHEREFORE, Plaintiffs demand judgment against defendant as follows:

1. For an order confirming the arbitration award in all respects;

2. For entry of judgment in favor of the Plaintiffs and against Pile Foundation Construction Company, Inc. in the principal amount of $51,147.67, plus 10% interest per year from the date of the award to the date of entry of judgment;

3. For attorneys' fees and costs of this action;

4. For such other and further relief as this court may deem just and proper.


Dated: New York, New York
       May 19, 2008

_____
ANDREW GRABOIS (AG 3192)
O'Dwyer & Bernstien, LLP
Attorneys for Plaintiffs
52 Duane Street
New York, NY 10007
(212) 571-7100

# EXHIBIT A

## OFFICE OF THE IMPARTIAL ARBITRATOR

**ROGER E. MAHER**
IMPARTIAL ARBITRATOR
-----------------------------------------------------------------------x
**In the matter of the Arbitration between**

New York District Council of Carpenter Pension Fund, New York City District Council of Carpenters Welfare Fund, New York City District Council of Carpenters Vacation Fund, New York City District Council of Carpenters Annuity Fund, New York City District Council of Carpenters Apprenticeship, Journeyman, Retraining, Educational & Industry Fund, New York City District Council of Carpenters Charity Fund, The New York & Vicinity Carpenters Labor Management Cooperation Fund, by Michael J. Forde and David Meberg, as Trustees, and Michael J. Forde, as Executive Secretary-Treasurer, District Council for New York City and Vicinity, United Brotherhood Carpenters and Joiners of America,

**Petitioners,**

**DEFAULT AWARD**
**OF ARBITRATOR**

-against-

PILE FOUNDATION CONSTRUCTION CO., INC.,
**Respondent.**
-----------------------------------------------------------------------x

Pursuant to the provisions of the Collective Bargaining Agreement between this Respondent-Employer and the District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America, and the designation of the undersigned as Impartial Arbitrator to determine disputes concerning claims arising from payments due to the Benefit Funds described in said written contract, the undersigned Arbitrator was called upon to hear and determine a controversy involving claims by the Petitioners for sums of money allegedly due to said Benefit Funds by the Respondent for the audit period 1/1/03 through 12/27/05, in the amount of $51,147.67.

In accordance with the terms of the underlying written agreement, the Civil Practice Law and Rules of the State of New York and the herein Notice of Intention to Arbitrate dated 1/15/08,

1

the undersigned by Notice of Hearing dated 1/23/08 scheduled a hearing for 2/29/08 which was rescheduled to 3/27/08 in order to determine the dispute between the parties.

**ISSUE:**

"Whether the Respondent Employer, Pile Foundation Construction Co., Inc., is obligated to pay the alleged delinquent fringe benefit contributions for the period 1/1/03 through 12/27/05, in the amount of $51,147.67?

### BACKGROUND

The Petitioners state they are third-party beneficiaries to a collective bargaining agreement (CBA) between the New York City District Council of Carpenters (hereinafter called the Petitioners/Funds (Funds) ) and Pile Foundation Construction Co., Inc. [hereinafter called the Respondent/Employer (Employer)] for the performance of carpenter related work.

The underlying CBA provides for certain payments to the Fringe Benefit Trust Funds on behalf of all the carpenter-employees of an employer and member-employer that is bound thereto. In addition, the subject contract authorizes the Petitioners to conduct an audit of an employer's books and records in order to verify that all the required contributions were made to each of the Fringe Benefit Trust Funds such as Pension, Welfare, Vacation, Annuity, and Apprenticeship Training, etc. (hereinafter called the Funds). It is the responsibility of the Petitioners' Trustees of the aforesaid Trust Funds to collect contributions and to maintain said Funds.

In accordance with the CBA auditing provision an accountant employed by the Petitioners, with the consent of the Respondent, performed an audit of the books and records of the Respondent herein.

The testimony of the auditor employed by the Petitioners established that an audit of the Respondent's books and records had been performed and delinquencies were discovered representing contributions due the aforesaid Funds during the period of 1/1/03 through 12/27/05. The record reflects that the Respondent made an on account payment of $17,441.67 on 3/27/08, however, delinquencies in the amount of $37,385.77 remain owing.

The testimony further revealed that a copy of the Summary Report of this audit had been forwarded to the Respondent. Thereafter the Petitioners duly demanded payment and upon the Respondent's failure to comply this proceeding was initiated.

The testimony of the auditor set forth the accounting method employed during the course of the audit and the computation of the amount of each alleged delinquency. The Summary Report of the audit conduct was also received into evidence. The Petitioners requested that the total amount of the delinquency and interest monies due including delinquency assessment and interest, plus their attorney's fee, the fee of the arbitrator, court and audit costs, and the promotional fund be imposed upon the Respondent all as required and set forth in the underlying written contract.

At the 3/27/08 hearing the Petitioners advised the Arbitrator that the Respondent had requested and it agreed to the request for a payment plan for the balance of the undisputed delinquency, and this plan was to be executed by a principal of the company on this day.

However on 3/27/08 at the scheduled hearing a representative for the Respondent via a telephone conference with the Arbitrator, the Benefit Funds' counsel Steven Kasarda, Esq., and

Daniel Ryan, requested a brief extension to execute said payment plan due to the unavailability of a principal on this day. The Arbitrator granted the request for a brief extension of time to execute the payment plan under the following terms:

A principal of the company would be required to appear at the Benefit Funds office on Monday, 3/31/08 with appropriate government identification. Wherein this principal would be required to execute the payment plan at that time. Failure to do so would result in the Arbitrator rendering a default award.

The Respondent's representative acknowledged he understood all of these terms and would comply.

The matter was adjourned pending the Respondent's principals' signature to the payment plan.

Counsel for the Funds notified the Arbitrator on 4/14/08 that an individual purporting to be a principal of the company appeared at the Benefit Funds Office as agreed and produced a driver's license to substantiate his identity. He said that the Funds personnel present were suspicious of the driver's license authenticity upon closer scrutiny and the individual before them admitted that the driver's license was fake.

Accordingly Funds personnel terminated discussions with this unknown individual purported to be a principal for the Respondent. Given the forgoing, the Funds advised the Arbitrator it withdraws its offer to provide a payment plan to this Respondent for the balance of the undisputed delinquency, and now requests that the Arbitrator issue a default award for the balance of the delinquency.

## AWARD

Upon the substantial and credible evidence of the case as a whole I find the Respondent-Employer, Pile Foundation Construction Co., is delinquent in Fringe Benefit money contributions due under its written agreement for the audit period 1/1/03 through 12/27/05, and is in default of the tentative agreement reached on 3/27/08 and is also obligated to pay delinquency assessment and interest on the delinquency, plus an attorney's fee to the Petitioners and the fee of the undersigned Arbitrator, and audit and court costs all in accordance with the terms and provisions of the collective bargaining agreement in the following amounts:

| Principal | $19,944.10 |
|---|---|
| Interest | $14,150.33 |
| Liquidated Assessment | $13,150.65 |
| Promotional Fund | $102.59 |
| Attorney's Fee | $1,500.00 |
| Arbitration Costs | $500.00 |
| Court Costs | $350.00 |
| Audit Costs | $1,450.00 |
| Total | $51,147.67 |

Wherefore, the Trustees of the New York City District Council Carpenters Benefit Funds are awarded an aggregate amount of One Twenty-four Thousand Nine Hundred Thirteen and 62/100 dollars ($24,913.62) which is to be paid forthwith by Pile Foundation Construction Co., Inc. with interest to accrue at the rate of 10% from the date of this award.

Dated: Brooklyn, New York
April 27, 2008

_____
ROGER E. MAHER, Arbitrator

To:   Steven Kasarda, Esq.
General Counsel
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

5

Mr. Anthony Rivara, President
Pile Foundation Construction Co., Inc.
1887 Ralph Avenue
Brooklyn, New York 11234

Ms. Tomasina Caba
New York District Council Of Carpenters Benefit Fund
395 Hudson Street
New York, NY 10014

## AFFIRMATION

STATE OF NEW YORK )
COUNTY OF KINGS )

The undersigned under penalty of perjury affirms that he is the Arbitrator in the within proceeding and signed same in accordance with arbitration law of the State of New York.

ROGER E. MAHER
